**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF FLORIDA**
**WEST PALM BEACH DIVISION**

| | |
|---|---|
| JARRETT ROKER, on behalf of himself and others similarly situated,<br><br>Plaintiff,<br>v.<br><br>JUPITER MEDICAL CENTER, INC.,<br><br>Defendant. | Case No. ____________________<br><br>Removed from the Circuit Court of the Fifteenth Judicial Circuit in and for Palm Beach County, Florida, Case No. 502026CA000857XXXAMB |

## NOTICE OF REMOVAL

Defendant Jupiter Medical Center, Inc. ("Jupiter") hereby removes this action currently pending in the Circuit Court of the Fifteenth Judicial Circuit in and for Palm Beach County, Florida to the United States District Court for the Southern District of Florida, on the grounds that this Court has original jurisdiction over this civil action pursuant to 28 U.S.C. §§ 1332, 1441, and 1446. In support thereof, Jupiter states as follows:

### NATURE OF REMOVED ACTION

1) On January 23, 2026, Plaintiff Jarrett Roker filed a Class Action Complaint against Jupiter asserting claims for negligence, negligence per se, breach of implied contract, invasion of privacy, and unjust enrichment in connection with a data security incident. The Incident involved unauthorized access to patient data hosted by Cerner Corporation—an electronic-health-record vendor—on behalf of its clients, including Jupiter. (Compl. ¶ 2.)

2) Following notice of the Incident, numerous plaintiffs filed class action complaints in multiple jurisdictions raising identical claims against both Cerner and its clients who provided notice of the Incident. The majority of cases filed against Cerner and its clients (total: 38) have been transferred to and consolidated in the Western District of Missouri before Judge Beth Phillips. *See In re: Cerner/Oracle Data Breach Litig.*, Case No. 4:25-cv-00259-BP.

3) Plaintiff's Complaint in the State Court Action is attached hereto as **Exhibit A**, and a true and correct copy of the state court docket and all process, pleadings, and orders served on Jupiter in the State Court Action is attached hereto as **Exhibit B**.

### GROUNDS FOR REMOVAL UNDER 28 U.S.C. § 1332(d)

4) "[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).

5) This action is removable under 28 U.S.C. § 1441(a) because this Court has original jurisdiction under the Class Action Fairness Act of 2005 ("CAFA"). Pursuant to CAFA, where a proposed class involves 100 or more class members, "[t]he district courts shall have original jurisdiction of any civil action in which the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs, and is a class action in which . . . any member of a class of plaintiffs is a citizen of a State different from any defendant." 28 U.S.C. § 1332(d)(2)(A) and (d)(5).

6) “[N]o antiremoval presumption attends cases invoking CAFA . . . . [Instead,] CAFA’s provisions should be read broadly, with a strong preference that interstate class actions should be heard in a federal court if properly removed by any defendant.” *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014).

7) Each of the CAFA requirements is met here.

**A. This is a class action with more than 100 putative members.**

8) Plaintiff seeks to represent a putative class of current and former patients whose data was allegedly compromised by the Incident. Plaintiff alleges “thousands if not more of Defendant’s current and former patients were affected.” (Ex. A, Compl. ¶¶ 9, 139.)

9) Thus, the proposed class meets the 100-person CAFA requirement.

**B. Minimal diversity exists.**

10) Minimal diversity under CAFA exists if “any member of a class of plaintiffs is a citizen of a State different from any defendant.” 28 U.S.C. § 1332(d)(2)(A).

11) A corporation is “a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business.” 28 U.S.C. § 1332(c).

12) Jupiter is incorporated in Florida and maintains its principal place of business in Florida. Thus, Jupiter is a citizen of Florida.

13) Plaintiff alleges that he is a citizen of Florida and seeks to represent a class of "present and former patients of Defendant who reside in Florida." (Ex. A, Compl. ¶139.)

14) Minimal diversity exists because the Incident impacted citizens of states other than Florida. And Plaintiff's attempt to limit the class to residents of Florida does not defeat minimal diversity. Indeed, "residency does not equate to citizenship." *Smith v Marcus & Millichap, Inc.*, 991 F3d 1145, 1157 (11th Cir. 2021).

15) Moreover, where, as here, a plaintiff's claims are already subsumed within an existing class action, courts have looked past artificial limitations (like limiting a class based on geographic location) in plaintiff's pleadings in finding federal jurisdiction.

16) The Supreme Court has explained that the "primary objective" of CAFA is "ensuring Federal court consideration of interstate cases of national importance." *Standard Fire Ins. Co. v. Knowles*, 568 U.S. 588, 595 (2013). Indeed, CAFA was designed to create "efficiencies in the judicial system by allowing overlapping and 'copycat' cases to be consolidated in a single federal court" and was intended to "mak[e] it harder for plaintiffs' counsel to 'game the system' by trying to defeat diversity jurisdiction." *Freeman v. Blue Ridge Paper Prods., Inc.*, 551 F.3d 405, 408 (6th Cir. 2008) (quoting S. Rep. No. 109-14, at 5 (2005)).

17) For example, in *In re Kitec Plumbing Systems Products Liability Litigation*, 2010 WL 11618052 (N.D. Tex. Aug. 23, 2010), while an MDL consisting of dozens of consolidated cases involving allegedly defective HVAC pipe was

proceeding in Texas, residents of two communities in Washington filed actions in state court asserting the same claims. The Washington cases were removed and subsequently transferred to the MDL for consolidated proceedings, where the removed plaintiffs sought remand on the basis that CAFA's amount-in-controversy threshold was not met. The removed plaintiffs had intentionally pled under the $5 million threshold by carving themselves out of a putative Washington class already pending before the MDL. But the *Kitec* court denied the motions to remand holding instead that it could "pierce the pleadings in order to determine the propriety of federal jurisdiction[,]" and look to the overlapping claims in the MDL class that were "already properly before this Court" in finding federal jurisdiction. *Id.* at *6. The *Kitec* court further reasoned that allowing the removed plaintiffs to proceed in state court would erode the judicial efficiencies created by the consolidated proceeding and undermine CAFA's aim of eliminating both gamesmanship and copycat actions. The court found that the consolidated cases "implicate [the] multistate or national interests" that CAFA was designed to protect and that the removed actions threatened to "create duplicative, overlapping or even identical litigation to [the MDL] if they were to be remanded." *Id.* at *7.

18) Similarly, in *Simon v. Marriott Int'l, Inc.*, 2019 WL 4573415 (D. Md. Sept. 20, 2019), plaintiffs brought claims arising out of a data breach incident in Connecticut state court despite an ongoing MDL proceeding consolidating dozens of cases brought by plaintiffs nationwide regarding the same incident. To avoid diversity jurisdiction, the *Simon* plaintiffs pled that they intended to represent only

a class of stateless individuals domiciled abroad. *Id.* at *1–2. But the Court found that there was "[no] legitimate basis for the need to litigate their claims separately from the MDL because of their geographic location" and to do so would mean plaintiffs "could recover from both their state court action and from the MDL." *Id.* at *4.

19) A similar result was reached in *Sanders v. Kia America, Inc.*, 2023 WL 3974966 (C.D. Cal. June 13, 2023). There, California residents filed a tort action on behalf of individual plaintiffs in California state court against a California car company regarding issues with anti-theft technology. The *Sanders* plaintiffs' claims were the same as those raised in a pending MDL proceeding created to centralize all litigation for suits by consumers who purchased or leased vehicles that lacked the anti-theft technology. Plaintiffs alleged there was not minimal diversity for removal purposes because both plaintiffs and the car companies were California residents. Citing *Simon*, the court disagreed, and "reach[ed] beyond the pleadings" to determine that minimal diversity existed because the *Sanders* plaintiffs were subsumed by a class in the MDL that contained non-California citizens. *Id.* at *5.

20) The *Sanders* court explained that, "[while] Plaintiffs are entitled to choose a state forum for their action by limiting the number of plaintiffs or the amount of recovery they seek[,] where there is actually no difference between th[e] action and the existing claims that are being pursued in a multidistrict litigation . . . this is exactly the type of case that CAFA envisioned as removable." *Id.* at *6.

21) This case is like *Kitec*, *Simon*, and *Sanders*. The Cerner Incident allegedly impacted individuals nationwide and has resulted in over 38 suits raising the same types of claims, seeking the same types of relief, and many seeking to represent classes that necessarily include Plaintiff and his alleged negligence, contract, privacy and unjust enrichment claims arising from the Incident.

22) Indeed, in the pending Consolidated Class Action Complaint in the MDL in the Western District of Missouri, the plaintiffs (who allege they are citizens of states other than Florida) seek to represent a nationwide class of "[a]ll individuals whose Private Information was compromised in the [Cerner Incident], which occurred on or around January 22, 2025, including all those individuals who received notice of the [Cerner Incident]." *See In re: Cerner/Oracle Data Breach Litig.*, Case No. 4:25-cv-00259-BP, ECF 93 at ¶ 460. This nationwide putative class includes Plaintiff and the more limited class of individuals he seeks to represent. Given that Plaintiff's proposed class is already subsumed within the earlier-filed federal cases pending in the consolidated proceeding in the Western District of Missouri, this Court should exercise jurisdiction pursuant to CAFA to "ensur[e] Federal court consideration of interstate cases of national importance." *Knowles*, 568 U.S. at 595.

23) Because Jupiter and members of the proposed nationwide class are citizens of different states, CAFA's minimal diversity requirement is met.

## C. The amount in controversy is satisfied.

24) Evidence is not required to establish the amount in controversy in a notice of removal—instead, "a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold of $5 million." *Thompson v. Procter and Gamble Co.*, 2018 WL 11459450, at *1 (S.D. Fla. June 13, 2018) (citing *Dart Cherokee*, 574 U.S. at 89).

25) Although Defendant denies Plaintiff's allegations—and fully reserves the rights to contest their adequacy—Plaintiff's request for damages, injunctive relief and attorney's fees on behalf of himself and a putative class is sufficient to exceed the jurisdictional threshold. Indeed, CAFA permits courts to aggregate the claims of the individual putative class members "to determine whether the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs." 28 U.S.C. § 1332(d)(6).

26) Here, Plaintiff alleges the value of his claims "exceed[] $50,000, exclusive of interest, costs, and attorney's fees" and that his claims are "typical of those of other Class members." (Ex. A, Compl. ¶¶ 32, 143.) The proposed class is made up of at least 1,000 individuals. If every member of the proposed class has a claim worth the same amount as Plaintiff's, the amount in controversy is easily satisfied. *See, e.g.*, *Torres v. Countrywide Home Loans, Inc.*, 2014 WL 3742141, at *2 (S.D. Fla. July 29, 2014) ("Plaintiff also states that his claims are typical of the claims of all class members. . . . [I]f every member of the proposed class has a claim worth the same amount as Plaintiff's, the amount in controversy is easily

satisfied."); *Shaver v. Ford Motor Co.*, 768 F. Supp. 2d 1235, 1236 (S.D. Fla. 2011) (plaintiff's class action complaint pleading that her claims exceeded the $15,000 jurisdictional limit in Florida state court was sufficient to meet the CAFA amount-in-controversy requirement where the class consisted of 100,000 people—"[T]he requisite amount of controversy of $5,000,000.00 is evident on the face of the complaint as 100,000 times $15,000.00 exceeds $5,000,000.00."); *Perret v. Wyndham Vacation Resorts, Inc.*, 2012 WL 592171, at *2 n.3 (S.D. Fla. Feb. 22, 2012) (same; "[I]n order to meet the typicality requirement of the class and given the nature of the claims, the conservative $15,000 amount of the named Plaintiffs' alleged damages should be similar to the amount of the damages of the other class members. This too would mean that the amount in controversy exceeds the $5,000,000 requirement ($15,000 x 1,000=$ 15,000,000).").

27) Plaintiff further pleads that the value of Plaintiff's claim and of any putative class member's claim is a maximum of $74,999.00. For a class of a least 1,0000 people, this means the amount in controversy is over $70 million. Plaintiff's allegation that "upon information and belief" the amount in controversy does not exceed $5 million is belied by the class size and is otherwise irrelevant. Indeed, "[a]llegations made 'upon information and belief' are not sufficient to support jurisdictional allegations." *Payne v Ivy*, 2018 WL 1155987, at *1 (M.D. Fla. Jan. 22, 2018).

28) Plaintiff also seeks injunctive relief and attorney's fees—both of which are properly included in the calculation of, and further increase, the amount in controversy. *See Cohen v. Office Depot, Inc.*, 204 F.3d 1069, 1079 (11th Cir. 2000).

29) Because Plaintiff is plausibly seeking in excess of $5,000,000 in damages and other relief related to the individual and proposed class-wide claims, the amount in controversy is satisfied.

30) This matter, therefore, satisfies all requirements of 28 U.S.C. § 1332(d) and properly belongs in federal court pursuant to CAFA.

**VENUE IS PROPER**

31) This Court is in the judicial district and division embracing the place where Plaintiff filed the State Court Action and where it is pending. Specifically, the United States District Court for the Southern District of Florida embraces the Palm Beach County Court. *See* 28 U.S.C. §§ 1441, 1446.

**TIMELINESS OF REMOVAL**

32) Plaintiff served his Complaint on January 30, 2026.

33) Jupiter filed this Notice within 30 days after service of the Complaint. Thus, removal is timely. *See* 28 U.S.C. § 1446(b); *Murphy Bros. Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 348 (1999).

## PRAYER FOR REMOVAL

WHEREFORE, Jupiter respectfully requests that the above action now pending in the Circuit Court of the Fifteenth Judicial Circuit in and for Palm Beach

County, Florida be removed to the United States District Court for the Southern District of Florida.

Dated: February 19, 2026 Respectfully submitted,

*/s/ Julie Singer Brady*
Julie Singer Brady (389315)
BAKER & HOSTETLER LLP
200 South Orange Ave., Ste. 2300
Orlando, FL 32801
Tel: 407.649.4000
Fax: 407.841.0168
jsingerbrady@bakerlaw.com

*Counsel for Jupiter Medical Center, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on February 19, 2026, a true and correct copy of the foregoing document was filed electronically and served via email and U.S. mail upon the following:

J. Matthew Stephens
Florida Bar No. 0688649
**METHVIN, TERRELL, YANCEY,**
**STEPHENS & MILLER, P.C.**
2201 Arlington A venue South
Birmingham, Alabama 35205
Telephone: (205) 939-0199
Facsimile: (205) 939-0399
Email: mstephens@mtattomeys.com

Darren R. Newhart
Fla. Bar No.: 115546
NEWHART LEGAL, P.A.
14611 Southern Blvd, Unit 1351
Loxahatchee, FL 33470
Phone: (561) 331-1806
Facsimile: (561) 473-6860
Email: darrren@newhartlegal.com

*Counsel for Plaintiff*

*/s/Julie Singer Brady*
*Counsel for Defendant*